

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )     CRIMINAL NO. 2:09cr 54<br>)<br>VIRGINIA HARBOR SERVICES, INC.,      )<br>    formerly doing business as                )<br>    Trelleborg Engineered Products, Inc.  )<br>)<br>        Defendant.                               ) | |

PLEA AGREEMENT

The United States of America, by undersigned counsel, the defendant, VIRGINIA HARBOR SERVICES, INC., and the defendant's counsel have entered into the following agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a criminal information charging the defendant with two counts of conspiracy to restrain trade, in violation of 15 U.S.C. § 1. The defendant understands that the maximum penalty which may be imposed upon conviction for each violation of 15 U.S.C. § 1 is a fine equal to the greatest of:

   (a)   $100 million (15 U.S.C. § 1);

   (b)   twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

   (c)   twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

In addition, the defendant understands, for each violation, that:

(a) pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G. or Sentencing Guidelines") or 18 U.S.C. § 3563(b)(2), the Court may order it to pay restitution to the victims of the offense;

(b) pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, the Court is required to order the defendant to pay a special assessment of $400; and

(c) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years.

**2. Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**3. Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, it surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

(a) the right to plead not guilty and to persist in that plea;

(b) the right to a jury trial;

2

(c) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

(d) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S.S.G. the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. Pursuant to U.S.S.G. § 6B1.4, the United States and the defendant enter into the following stipulations. The United States and the defendant understand and agree that these stipulations are not binding upon either the Probation Office or the Court. The Court may make factual determinations that differ from these

3

stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed on the defendant. The parties stipulate and agree that:

(a) Pursuant to U.S.S.G. § 3D1.2(d) and U.S.S.G. § 3D1.3, Counts One and Two should be grouped together into a single group and the volume of commerce affected by the offenses charged should be aggregated in determining the appropriate criminal fine.

(b) The combined volume of commerce attributable to defendant's charged and relevant conduct is approximately $25 million, and the base fine when calculated pursuant to U.S.S.G. § 2R1.1(d)(1) is $5 million.

(c) Pursuant to U.S.S.G. §§ 8C2.5 and 8C2.6, the defendant has a culpability score of 5 and a minimum and maximum fine multiplier of 1.00 to 2.00, which results in a criminal fine range of $5 million to $10 million.

5. **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the maximum provided by law (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to

the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a. The defendant further agrees to waive and not to raise any defense or other rights defendant may otherwise have under the statute of limitations with respect to the criminal information referred to in Paragraph 1. The defendant further states that this waiver is knowingly and voluntarily made after fully conferring with, and on the advice of, defendant's counsel, and is made for defendant's own benefit.

6. **Sentencing Agreement**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly, that the Court impose a sentence requiring the defendant to pay to the United States a criminal fine of $7.5 million, payable in full before the fifteenth (15th) day after the date of judgment ("the recommended sentence"). Defendant agrees that immediately upon filing of this Plea Agreement with the Court, it will post a letter of credit or standby letter of credit issued by a United States bank or a United States branch of a foreign bank to the benefit of the United States or its designee to guarantee the entire balance of the proposed fine set forth in this subparagraph. In the event the Court at sentencing imposes a higher fine, defendant agrees it shall promptly post a supplemental or superseding letter of credit or standby letter of credit to guarantee the entire balance of the sentenced fine.

The defendant understands that the Court is free to impose a term of probation pursuant to 18 U.S.C. § 3561(c)(1) and that pursuant to § 8B1.1 of the Sentencing Guidelines or 18 U.S.C. § 3563(b)(2), the Court may order it to pay restitution to the victims of the offenses. The

defendant further understands that neither party may withdraw from this Plea Agreement based on the imposition of a term of probation or an order of restitution. The United States agrees that, if the recommended fine has been guaranteed with a letter of credit prior to the time of sentencing as provided herein, it will recommend that no term of probation be imposed. The United States agrees that it will not seek an order of restitution because of the availability of civil causes of action.

The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, will provide sufficient information concerning the defendant, the crimes charged in this case, and the defendant's role in the crimes to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the recommended sentence contained in this agreement, it nevertheless has no right to withdraw its plea of guilty.

The United States and the defendant agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The United States and the defendant agree not to seek or support any sentence outside of the applicable Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The United States and the defendant further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

6

The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based on the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

7.   **Administrative Action**

The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

8.   **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) per count of conviction pursuant to 18 U.S.C. § 3013(a)(2)(B) and U.S.S.G. § 8E1.1, in addition to any fine imposed.

9.   **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable within fifteen (15) days after the imposition of sentence and subject thereafter to immediate enforcement by the United States as provided in Section 3613. Furthermore, the defendant agrees, if requested, to provide

7

all of its financial information to the United States and the Probation Office and to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

**10.   Immunity from Further Prosecution**

Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, and subject to the cooperation requirements of Paragraph 11, the United States agrees that it will not bring further criminal charges against the defendant, its ultimate parent corporation Trelleborg AB or any subsidiaries of said parent (collectively, "related entities"), or the current or former officers, directors, or employees of the defendant or its related entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of any antitrust offenses involving the manufacture or sale of marine fenders and buoys and/or plastic marine pilings, except that the protections granted in this paragraph shall not apply to the following individuals:

(a)   Tomas Crawaack;

(b)   Frank March;

(c)   Donald Murray;

(d)   William Alan Potts; and

(e)   Robert Taylor.

With respect to current or former officers, directors, and employees, this nonprosecution agreement applies to them only for acts committed while acting as an officer, director, or

8

employee of the defendant or its related entities. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

**11.    Defendant's Cooperation**

The defendant and its related entities will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the marine products industry, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceedings"). The ongoing, full, and truthful cooperation of the defendant and its related entities shall include, but not be limited to:

(a)    using its best efforts to secure when requested to by the United States in any Federal Proceeding the ongoing, full, and truthful cooperation of the current and former officers, directors, and employees of the defendant and its related entities. Using best efforts includes making such persons available, at the defendant's expense, for debriefing and pre-trial conferences, interviews, and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding;

(b)    producing when requested by the United States in connection with any Federal Proceeding all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant or its related entities; and

9

(c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties for making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503).

The defendant and its related entities are further hereby on notice that they may not violate any federal, state, or local criminal law while cooperating with the United States. Nothing in this agreement places any obligation on the United States to seek the cooperation or assistance of the defendant or its related entities.

## 12.    Breach of the Plea Agreement and Remedies

The defendant agrees that, if the United States determines in good faith, that the defendant or its related entities violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant and its related entities agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its related entities for any offense referred to in this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

The defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's or its related entities' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or current or former officers, directors, or employees of it or its related entities to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

### 13. Nature of the Agreement and Modifications

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The defendant and its counsel acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

_____The undersigned is authorized to enter this Plea Agreement on behalf of the defendant and its related entities and individuals as evidenced by the Resolution of the Board of Directors of the defendant attached at Exhibit "A" which is incorporated by reference into this Plea Agreement.

The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

11

A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

By: *(signature)*
Kenneth W. Gaul
Jon B. Jacobs
Attorneys, Antitrust Division
U.S. Department of Justice

*(signature)*
Robert J. Seidel, Supervisory
Assistant United States Attorney

Defendant's Representative's Signature: As corporate representative for defendant VIRGINIA HARBOR SERVICES, INC., I have consulted with counsel for the corporation and fully understand all rights of the defendant with respect to the pending Criminal Information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in this case. I have read this Plea Agreement and carefully reviewed every part of it with counsel for the defendant. I understand this agreement and voluntarily accept it on behalf of the defendant.

VIRGINIA HARBOR SERVICES, INC.

Date: April 20, 2009

By: *(signature)*
Michael L. Harper

12

<u>Defense Counsel's Signature</u>: I am counsel for defendant VIRGINIA HARBOR SERVICES, INC., in this case. I have fully explained to the defendant its rights with respect to the pending Criminal Information. I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant's Board of Directors and with the corporate representative of the defendant, Michael L. Harper. To my knowledge, the defendant's decision to enter into this agreement, to accept benefits under the agreement, and to be bound by certain obligations under the agreement are informed and voluntary decisions.

Date: 4/20/09

Roxann E. Henry
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | |
| PAY THIS AMOUNT: | |

INSTRUCTIONS:

1. MAKE CHECK OR MONEY ORDER PAYABLE TO:
   *CLERK, U.S. DISTRICT COURT*

2. PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE

3. PAYMENT SHOULD BE SENT TO:

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| Alexandria cases: | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| Richmond cases: | Clerk, U.S. District Court<br>1000 E. Main Street, #307<br>Richmond, VA 23219 | |
| Newport News cases: | Clerk, U.S. District Court<br>101 - 25th Street, 2nd Floor<br>Newport News, VA 23607 | Clerk, U.S. District Court<br>P. O. Box 494<br>Newport News, VA 23607 |
| Norfolk cases: | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4. INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER

5. ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT

14

UNANIMOUS WRITTEN CONSENT

OF THE BOARD OF DIRECTORS OF

VIRGINIA HARBOR SERVICES, INC.

THE UNDERSIGNED, being all of the members of the Board of Directors (the "Board") of VIRGINIA HARBOR SERVICES, INC., a Delaware Corporation (the "Corporation"), acting pursuant to Section 141(f) of the Delaware General Corporation Law, do hereby consent and agree that the following resolutions shall have the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Board and direct that this unanimous written consent be filed with the minutes of the proceedings of the Board.

WHEREAS, the Corporation is informed by the United States of America through its Department of Justice that the United States will initiate charges against the Corporation for certain acts undertaken by the Corporation. In order to resolve the claims the Corporation has agreed to enter into a Plea Agreement.

NOW, THEREFORE, BE IT RESOLVED that Michael Harper, as President of the Corporation and Roxann E. Henry as Legal Counsel acting for the Corporation are hereby authorized and empowered to enter into a Plea Agreement with the United States of America in the form of the attached or substantially similar thereto, to enter into any ancillary statements or agreements and take any and all actions necessary to effectuate the agreement and plead and resolve the charges against the Corporation.

BE IT FURTHER RESOLVED, that this Unanimous Written Consent may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument with the same force and effect as though all signatures were made on the same instrument.

IN WITNESS WHEREOF, the Directors have executed this Unanimous Written Consent as April 20, 2009.

MICHAEL HARPER

LENNART JOHANSSON

LARS E OLSSON

ADAM H. BLOOMENSTEIN

UNANIMOUS WRITTEN CONSENT

OF THE BOARD OF DIRECTORS OF

VIRGINIA HARBOR SERVICES, INC.

THE UNDERSIGNED, being all of the members of the Board of Directors (the "Board") of VIRGINIA HARBOR SERVICES, INC., a Delaware Corporation (the "Corporation"), acting pursuant to Section 141(f) of the Delaware General Corporation Law, do hereby consent and agree that the following resolutions shall have the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Board and direct that this unanimous written consent be filed with the minutes of the proceedings of the Board.

WHEREAS, the Corporation is informed by the United States of America through its Department of Justice that the United States will initiate charges against the Corporation for certain acts undertaken by the Corporation. In order to resolve the claims the Corporation has agreed to enter into a Plea Agreement.

NOW, THEREFORE, BE IT RESOLVED that Michael Harper, as President of the Corporation and Roxann E. Henry as Legal Counsel acting for the Corporation are hereby authorized and empowered to enter into a Plea Agreement with the United States of America in the form of the attached or substantially similar thereto, to enter into any ancillary statements or agreements and take any and all actions necessary to effectuate the agreement and plead and resolve the charges against the Corporation.

BE IT FURTHER RESOLVED, that this Unanimous Written Consent may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument with the same force and effect as though all signatures were made on the same instrument.

IN WITNESS WHEREOF, the Directors have executed this Unanimous Written Consent as April 20 2009.

_____
MICHAEL HARPER

_____
LENNART JOHANSSON

_____
LARS E OLSSON

_____
ADAM H. BLOOMENSTEIN